IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| vs. | : | Docket Number |
| | : | |
| FRANCISCO BARRERA LOPEZ, | : | 06-31-01-JJF |
| Defendant. | : | |

O R D E R

    AND NOW, this _____ day of June 2006, upon consideration of the Defendant's Motion to Compel Discovery Pursuant to Rule 16, it is hereby ORDERED and DECREED that the same be, and it is hereby, GRANTED.

BY THE COURT:

_____
                J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| vs. | : | Docket Number |
| | : | |
| FRANCISCO BARRERA LOPEZ, | : | 06-31-01-JJF |
| Defendant. | : | |

MOTION TO COMPEL DISCOVERY PURSUANT TO
RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

      COMES NOW the Defendant, Franciaco Barrera-Lopez, by and through the undersigned counsel, and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court to: dismiss the charges against Defendant, or prohibit the Government from introducing evidence not disclosed, or in the alternative, that the Office of the United States allows the above-named Defendant to inspect, copy or photograph the information requested in this Motion for Pretrial Discovery within five (5) days from today.  The Defendant respectfully represents that:

      A. Defendant, through the undersigned attorney, has made previous, good faith, and informal request in writing upon the United States Attorney for the information requested below and said requested information has not been released to the defense.

      B. Disclosure of the information is necessary and would be in the interests of justice in that:

          (1) It would promote an expeditious as well as fair determination of the charges;

(2) It would permit thorough preparation to minimize surprise at trial in a complex case where defense investigation and supportive resources are limited;

(3) It would provide the accused with sufficient information to promote the possibility of an informed pleas consistent with the intent of the Federal Rules of Criminal Procedure;

(4) It would promote the fairness and orderliness of all proceedings henceforth;

(5) It would not prejudice the Government except insofar as it would minimize surprise at trial.

C. Therefore, the Defendant respectfully request disclosure of the following:

(1) Any and all records and information revealing felony convictions or guilty verdicts or juvenile adjudications or guilty verdicts attributed to each witness to be called by the Government/ Commonwealth including but not limited to relevant "rap sheets".

(2) Any and all records and information revealing prior misconduct or bad acts attributed to any Government witness.

(3) Any and all consideration or promises of consideration given to or on behalf of any Government witness.  By "consideration", Defendant refers to absolutely anything of value or use, including but not limited to criminal or civil immunity, grants, assistance or favorable treatment or recommendations with respect to any criminal or civil dispute with the Government or any other governmental entity and anything else which could arguably reveal an interest or bias in the witness in favor of the Government or against the defense or act as an inducement to testify or to color testimony.

(4) Any and all reports to include but not be limited to FBI form 302/DEA form 6

and any and all police, FBI or DEA reports by numbers not designated.

(5) Any and all tapes of radio information which refers or relates to this Defendant's or any co-defendant's arrest and a transcript of any and all radio information whether in tape or transcript form which refers or relates to this Defendant or any co-defendant's arrest.

(6) Any and all Hall/Brady/Giglio information and documents which refer or relate to Hall/Brady/Giglio information.

(7) Any evidence favorable to the accused which is material either to guilt or punishment, and which is within the possession or control of the attorney for the Government.

(8) Any written confession or inculpatory statements, and including without limitation, any tape recordings or other memoranda of said oral confession or statements, and the identity of the person to whom the confession or inculpatory statements was made, which is the possession or control of the attorney for the United States.

(9) The Defendant's prior criminal record.

(10) Results or reports of scientific tests, expert opinions, including without limitation, all ballistic tests, hospital, autopsy, doctor and other medical reports, and written or recorded reports of polygraph examinations of the Defendant, which are within the possession or control of the attorney for the Government and all physical specimens utilized in conjunction with or related to the aforementioned.

(11) Any tangible objects, including documents, photographs, fingerprints, or other tangible evidence.

(12) The transcripts and recordings of any electronic surveillance, and the authority by which said transcripts were obtained, including all reports to the authorizing court.

3

(13) The names and addresses of eyewitnesses and other Government witnesses.

(14) All written or recorded statements, substantially verbatim oral statements, summaries or memoranda of oral statements made by eyewitnesses the Government intends to call at trial.

(15) All verbatim or recorded statements, substantially verbatim oral statements, summaries or memoranda of oral statements made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not.

(16) Any and all other evidence, information, statements, documents, or tangible items, as directed by Rule 16(a).

WHEREFORE, your movant moves this Honorable Court to order that: the charges against the Defendant be dismissed; or in the alternative, that the Government be prohibited from introducing evidence not disclosed; or in the alternative, order and direct the prosecution to allow the defense to inspect, copy, photograph or otherwise discover the above-requested material within five (5) days from today.

                                              Respectfully submitted,

                                              VCJO1494
                                              José Luis Ongay, Esquire
                                              Attorney for Defendant

                                              521 South Second Street
Date: June 2, 2006                              Philadelphia, PA 19107

<u>CERTIFICATE OF SERVICE</u>

      I, hereby, certify that on this date, a copy of this motion was served upon AUSA Adam Safwat, via First Class Mail at 1007 Orange Street, Suite 700, P.O. Box 2046, Wilmington, DE 198899-2046.

                                                                 _____
                                                                 José Luis Ongay, Esquire

Date: June 2, 2006

VERIFICATION STATEMENTS

1. The text of the Motion and the hard copy are identical.

2. The PDF file contains no virus and was checked by McAfee Software.

                                                                            José Luis Ongay, Esquire

Date: June 2, 2006