IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA, | : | |
| --- | --- | --- |
| vs. | : | Docket Number |
| FRANCISCO BARRERA LOPEZ, | : | 06-31-01-JJF |
| Defendant. | : | |

ORDER

    AND NOW, this     day of June 2006 , Defendant's Motion For <u>Brady</u> and <u>Giglio</u> Material is hereby GRANTED.

                                                  BY THE COURT:

                                                  _____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| vs. | : | Docket Number |
| | : | |
| Francisco Barrera-Lopez, | : | 06-31-01-JJF |
|           Defendant. | : | |

DEFENDANT'S MOTION AND MEMORANDUM OF SUPPORT FOR
PRODUCTION OF BRADY AND GIGLIO MATERIAL

     COMES NOW the Defendant, Francisco Barrera Lopez , by and through the undersigned counsel, and respectfully moves this Honorable Court to Order the U.S. Attorney to produce any and all evidence in the possession of the government, or its agents, which would tend to exculpate the Defendant under Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215 (1963), or which would impeach the government witnesses under Giglio v. United States, 405 U.S. 150 (1972) [See also United States v. Martinez-Marcado, 888 F.2d 1484 (5th Cir. 1989)], or all evidence which is or may be in any way favorable to the Defendant or which could lead to such evidence.  By "favorable," Defendant means any evidence which could be exculpatory or mitigating, as required by United States v. Bagley, 473 U.S. 667, 87 L. Ed. 2d 215 (1963).  Defendant further intends to include within this request any evidence that is impeaching, as required by Bagley, supra, 87 L. Ed.2d at 489-490.

     An informal request for this information was made, but to this date, Defendant has yet to receive the requested Discovery.

SPECIFIC REQUESTS

This Motion specifically includes, but is not limited to:

(a) the name and address of every witness who is, or has given testimony or statements, whether or not favorable to the Defendant including grand jury proceedings;

(b) the name and address of every person whom the government has interviewed in connection with this case, but whom it does not intend to call as a witness at trial;

(c) every written statement or transcript, recording, summary, or notes of oral statements given by any person described in (a) or (b), above;

(d)  all material of any kind whatsoever bearing upon the guilt or innocence of the Defendant or upon the credibility of every witness or the reliability of every piece of tangible evidence;

(e)  all psychiatric or psychological reports which evidence Defendant's legal insanity, if applicable;

(f)  all prior contrary statements, if any, of every government witness;

(g)  all records and information revealing prior convictions or guilty verdicts, deferred adjudications or juvenile adjudications in the Unites States or in any state or foreign jurisdictions attributed to each government witness, including but not limited to rap sheets, such as National Crime Information Center (NCIC) reports, and/or any judgments and commitment orders;

(h)  all records and information revealing prior misconduct, wrongs, bad acts, or other crimes attributed to each government witness, particularly those which may be admissible under F.R.E. 608(b) to impeach the truthfulness of the witness;

(i)  all presentence or sentencing guidelines reports of each government witness;

(j)  state whether any payment or grant or promise of immunity or any other favorable consideration, direct or indirect, has been made to each government witness or other person in connection with the investigation or prosecution of this case. If the answer is in the affirmative, Defendant requests the name, address, and telephone number of each person who received or benefited from such payment, grant or promise, any fees, payment of expenses and/or other material rewards given or offered to any government witness or informant, including any consideration or promises of consideration given to or on behalf of any government witness or expected or hoped for by the witness. <u>United States v. Chestang</u>, 849 F.2d 528, 532 (11th Cir. 1988). Consideration refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to person of concern to the witness, including but not limited to:

   (1)  formal or informal, or direct or indirect, leniency, favorable treatment, or recommendations of other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, immigration, administrative or other dispute with the government or with any other authority or with any other parties;

   (2)  criminal, civil or tax immunity grants;

   (3)  relief from forfeiture;

   (4)  payments of money, rewards or fees, such as witness fee, or provisions of food, clothing, shelter, transportation, legal services or other benefits;

   (5)  placement in a witness protection program;

   (6)  informer status of the witness; and

  (7) anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the Defendant or act as an inducement to testify or to color testimony;

(k) all threats, express or implied, direct or indirect, or other coercion, if any, made or directed against any government witness;

(l) all criminal prosecutions, investigations, or potential criminal prosecutions which could be brought, if any, against every government witness;

(m) the probation, parole, deferred adjudication, or deferred government or custodial status of every government witness;

(n) all civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions, if any, with each government witness, over which the government has real, apparent or perceived influence;

(o) all informant files, if any, on every government witness;

(p) the existence and identity of all federal, state and local government files on every government witness;

(q) the existence, identity and location of all official internal affairs investigation or public integrity investigation, if any, and the personnel files relating to or connected with each government witness who was or is a law enforcement officer;

(r) all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or information. This request specifically includes, but is not limited to:

  (1) information as to the mental, emotional, and physical history of every government witness, including the psychiatric, psychological and/or medical situation of the witness;

  (2) the use of any lie detector or polygraph tests on the witness and the results;

  (3) the use of narcotics or other drugs by the witness;

  (4) any occasions when the witness may have identified someone other than the Defendant as the perpetrator of the alleged crime, failed to identify the Defendant as the perpetrator, or failed to make any identification whatsoever; and

  (5) any classified documents which may be in the possession or control of the Department of Justice, Department of State, Department of Defense or the Central Intelligence Agency (CIA) regarding the witness.

(s) the existence and identification of each occasion on which each government witness who was or is an informer, accomplice or expert, has testified before any court, grand jury, or other tribunal or body.

LAW

a) General.

In United States v. Agurs, 427 U.S. 97, 49 L.Ed.2d 342, 352 (1976), the Supreme Court noted that where a defense request is specific, it puts the prosecutor on notice of exactly what the defense desires. The Court went on to say: "When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." Id. Accord, Palmer v. City of Chicago, 755 F.2d 560, 574 (7th Cir. 1985). Defendant respectfully submits that the above requests are sufficiently specific to require the prosecution to respond to each.

In attempting to respond to Defendant's requests, Defendant would remind the government of the Supreme Court's statement that the prosecution's duty is "to ensure that a miscarriage of justice does not occur." Bagley, supra, 87 L.Ed. 2d at 489. Accord, Agurs, supra, 49 L.Ed.2d at 354 (prosecutor "must always be faithful to his client's overriding interest that justice be done").

b) The Requests Should be Answered Immediately

Due process requires that disclosure of favorable evidence occur at a time when the Defendant can effectively use the evidence. Agurs, supra, 49 L.Ed.2d at 353-354; Blake v. Kemp, 758 F.2d 523, 532, n.10 (11th Cir.), cert. den., ___ U.S. ___, 88 L.Ed.2d 367 (1985); United States v. Deutsch, 373 F. Supp. 289, 290 (S.D.N.Y. 1974). Indeed, in Agurs, the Court specifically spoke of the prosecution's obligation to produce exculpatory evidence "in advance of trial." 49 L.Ed.2d at 352. In this case, effective use can only occur if the requested information is disclosed prior to trial. See United States v. Ramirez, 602 F. Supp. 783, 794 (S.D.N.Y. 1985).

If the government refuses to disclose any of the above-requested material, Defendant further requests that this Court review the material in camera. United States v. Cadet, 727 F.2d 1453, 1467-1468 (9th Cir. 1984); United States v. Dupuy, 760 F.2d 1492, 1502-1503 (9th Cir. 1985).

Defendant further requests that this Court enter an order requiring the government to produce any additional information which comes within the scope of the above requests or is otherwise favorable to the Defendant immediately upon the discovery of such information.

## CONCLUSION

The requested information is within the exclusive province of the government, or other agencies or multi-agency task forces acting in conjunction and is unavailable to the Defendant.

WHEREFORE, the Defendant prays that this Honorable Court grant this Motion.

Respectfully submitted,

  VC JO1494
José Luis Ongay, Esquire
521 S. Second Street
Philadelphia, PA 19107
(215) 928-0859

Date: June 2, 2006

CERTIFICATE OF SERVICE

    I, hereby, certify that on this date, a copy of this motion was served upon AUSA Adam Safwat, via First Class Mail at 1007 Orange Street, Suite 700, P.O. Box 2046, Wilmington, DE 198899-2046.

                                                                                                        José Luis Ongay, Esquire

Date: June 2, 2006

VERIFICATION STATEMENTS

1. The text of the Motion and the hard copy are identical.

2. The PDF file contains no virus and was checked by McAfee Software.

                                                                                              José Luis Ongay, Esquire

Date: June 2, 2006